UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-00015-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION AS FRIVOLOUS<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Denzell Magic Metcalf ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2024, against: (1) Paramount Pictures Corporation; (2) Brian Robbins, CEO of Paramount Pictures Corporation; (3) Wendy McMahon, CEO of CBS Television Studios, Inc./Paramount Corporation; (4) Mike Cavanagh, Chief Executive of NBC; (5) Jeff Shell, Chief Executive of NBC Universal Corporation; (6) Audrey Morrissey, Show Runner and Executive Producer of NBC America Song Contest; (7) Ben Silverman, Show Runner and Executive Producer of NBC America Song Contest; (8) NBC Universal Corporation; (9) Christer Björkman, Show Runner and Executive Producer of NBC America Song Contest; (10) Anders Lenhoff, Show Runner and Executive Producer of NBC

1

America Song Contest; (11) CBS Television Studios, Inc.; (12) Natalie Morales, host of "The Talk" on CBS; (13) Sherri Underwood, host of "The Talk" on CBS; (14) Jerry O'Connell, host of "The Talk" on CBS; (15) Amanda Klootz, host of "The Talk" on CBS; (16) Kimberly Godwin, CEO of ABC Signature Studios, Incorporated; (17) Peyton Manning, Executive Producer of Omaha Productions; (18) Clay Thompson, 2022 ESPY Award Show Host; (19) Jorge Cruz, CEO of Acura Corporation; (20) ABC Signature Studios, Incorporated; (21) Akbar Gbajabiamila, host of "The Talk" on CBS; (22) Lanthe Jones, Executive Producer of "The Talk" on CBS; (23) Andy Reddick, CEO of Acura, Incorporated; (24) Calvin "Snoop Dogg" Broadus, Host of America's Song Contest; (25) Kelly Clarkson, Host of America's Song Contest; (26) Acura, Incorporated; (27) Rob Crabby, Executive Producer of "The Talk" on CBS; and (28) Ed Horwitz, Executive Producer of "The Talk" on CBS (collectively, "Defendants").  (ECF No. 1.)

The complaint is now before this Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on review of the complaint, the Court issues the following findings and recommendations recommending that this action be dismissed for being frivolous and lacking an arguable basis in fact or law.

## I.

## LEGAL STANDARD

Because Plaintiff is a pro se prisoner proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

"A district court has the inherent authority to dismiss frivolous actions." Baldhosky v. California, No. 114CV00166LJOMJSPC, 2018 WL 1407103, at *3 (E.D. Cal. Mar. 21, 2018) (citing Damjanovic v. Ambrose, 991 F.2d 803 (9th Cir. 1993) ("Damjanovic"); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) ("Sparling"); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000)); see also Ireland v. Buffet, No. 122CV00497JLTBAM, 2023 WL 2938377, at *1 (E.D. Cal. Apr. 13, 2023) (noting same and

2

1  citing to same Damjanovic and Sparling), report and recommendation adopted, No. 122CV00497JLTBAM, 2023 WL 3319091 (E.D. Cal. May 9, 2023);[1] Stevens v. Rifkin, 608 F. Supp. 710, 733 (N.D. Cal. 1984) ("[T]he Court will dismiss plaintiffs' Complaint as against the SPCA pursuant to its inherent power to dismiss frivolous lawsuits."); In re Van Owen Car Wash, Inc., 82 B.R. 671, 674 (Bankr. C.D. Cal. 1988) ("[J]udicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham, and frivolous suits, and needs no statutory basis.")

Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))). Nonetheless, while factual allegations are accepted as true, legal conclusions are not. Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## SUMMARY OF COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. As an initial matter, Plaintiff's complaint describes the circumstances of his criminal convictions which resulted in his

---

[1] The Court notes that Damjanovic is an unpublished Ninth Circuit opinion. See Ninth Circuit Rule 36-3 ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited *to* the courts of this circuit, except in the following circumstances . . . when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion . . . for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case . . . [or] in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.") (emphasis added). The Court notes that Sparling stated "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for *failure to state a claim* . . . [and] must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the '[p]laintiffs cannot possibly win relief.' " Sparling, 864 F.2d at 638 (emphasis added) (quoting Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981)).

current incarceration, but it does not appear he is challenging the facts surrounding the incidents or subsequent court proceedings in the action. (ECF No. 1 at 11-12.)

The complaint alleges that in 2022, the California Department of Corrections and Rehabilitation began using Viapath Technologies tablets. (Id. at 12.) In late 2021 or early 2022, Plaintiff learned he would soon be released so he called his brother to tell him to get in contact with non-party musician "Too Short" so Plaintiff could break into the music industry. (Id.) Days after calling his brother, Plaintiff was randomly approached by another inmate who informed Plaintiff that he had pictures of Too Short, Defendant Calvin Broadus, and other celebrities. (Id.) Plaintiff instructed the inmate to contact Too Short through a family member. (Id.) Too Short allegedly told Plaintiff to call an associate when he was released. (Id.) After Plaintiff relayed his communications with Too Short to his brother, Plaintiff's brother was hired by Paramount despite never filing an application. (Id.) Plaintiff therefore believes his "telephone calls were being monitored and hacked" and he was being stalked. (Id.)

Further, Too Short and Broadus released a song soon after Plaintiff got in touch with Too Short. (Id. at 19.) Plaintiff alleges the song was based on Too Short and Plaintiff's time together in jail and Plaintiff's attempts to break into the entertainment industry. (Id.) Upon listening to the song, Plaintiff "through [*sic*] a fit in [his] cell swearing retaliation for their diss song." (Id.) The following day, Plaintiff alleges Broadus' wife was on a game show on Plaintiff's television eavesdropping on Plaintiff through his tablet because "they heard [Plaintiff] vowing revenge" for the song. (Id.) Plaintiff alleges the answers provided by Broadus' wife on the show establish there is a conspiracy to murder Plaintiff. (Id.)

In 2022, Plaintiff alleges he was reading books on his tablet and discovered that Defendants Brian Robbins, Wendy McMahon, Rob Crabby, Ed Horwitz, Lanthe Jones "acted with negligence and constitutional malice" and hacked into Plaintiff's tablet. (Id. at 13-14.) Plaintiff alleges these Defendants in addition to Defendants Natalie Morales, Sherri Underwood, Amanda Klootz, Jerry O'Connell, and Akbar Gbajabiamila monitored Plaintiff's tablet and purposely "created content for their shows every day from content [Plaintiff] was reading on the exact same days." (Id. at 14.) Plaintiff alleges "the way CBS presented its topics for their show

4

1   indicates that it knew what it was doing," which resulted in intentional infliction of emotional
2   distress "when they acted with actual malice from their purposeful negligence and deliberate
3   indifference to [Plaintiff's] privacy in a civil conspiracy to murder [Plaintiff] violating [his] 4th
4   Amendment right to privacy." (Id.)

5   Plaintiff also alleges that Defendants CBS, Paramount, and its named employees were
6   eavesdropping on Plaintiff through his tablet's speakers. (Id.) Plaintiff alleges Paramount's
7   hiring of his brother evinces that Paramount and all of its named employees in the instant action
8   were spying and eavesdropping on Plaintiff and created content out of the books he was reading
9   for commercial purposes. (Id. 14-15.)

10   Plaintiff alleges Defendants Acura, Jorge Cruz, and Andy Roddick violated his "rights to
11   publicity under California Law Civ. Code 3344 when they knowingly used [Plaintiff's] name and
12   personal life for commercial exploitation without [Plaintiff's] consent to advertise their product to
13   add luster to Acura for business purposes." (Id. at 15.) These Defendants allegedly made a
14   commercial in 2022 which featured a rapper and a theme song entitled "Magic." (Id.) Plaintiff, a
15   musician named Denzel "Magic" Metcalf, alleges he is currently incarcerated for committing a
16   crime out of his girlfriend's 1999 Acura vehicle. (Id.) Plaintiff alleges the phrase "it's your turn"
17   was on the screen at the end of the commercial, which solidified he was being targeted by
18   celebrities and the Acura Defendants. (Id.) Plaintiff alleges the Acura Defendants' use of
19   Plaintiff's name and personal life for commercial exploitation without Plaintiff's consent
20   "violated California's right to publicity and also negligent [*sic*]." (Id. at 16.)

21   Plaintiff also alleges that in 2022, Defendants ABC, Kimberly Godwin, Peyton Manning,
22   and Clay Thompson "acted with negligence when they violated [Plaintiff's] 4th Amendment right
23   to privacy" when they hacked into Plaintiff's tablet and monitored the books he was reading
24   without his consent to create content for the 2022 ESPY Award Show. (Id.) Plaintiff alleges
25   "these celebrities" knew Plaintiff was coming into the entertainment industry and hacked into his
26   tablet to harass and stalk him "in violation of a civil conspiracy to murder" Plaintiff. (Id.)

27   Plaintiff further alleges that in 2022, Defendants NBC, Mike Cavanagh, Jeff Shell, Anders
28   Lenhoff, Brian Robbins, Calvin Broadus, Kelly Clarkson, Ben Silverman, Christer Björkman, and

1  Paramount hacked into his tablet without his consent and eavesdropped on Plaintiff.  (Id. at 18.)
2  Plaintiff points to one incident in 2022 when he was watching America's Song Contest, which is
3  hosted by Clarkson and Broadus.  (Id.)  Plaintiff was reading Spanish out loud when he noticed
4  Broadus grab his earpiece and tell producers off camera that something was wrong because he
5  heard Plaintiff speaking Spanish.  (Id.)

6  Plaintiff alleges all Defendants "intentionally inflicted mental and emotional distress on
7  [Plaintiff] as he sat in [his] jail cell," "acted negligently when they failed to use reasonable care
8  when they had a duty to respect [Plaintiff's] privacy and breached that duty when they hacked
9  into [Plaintiff's] G.T.L. tablet without [his] consent or Viapath G.T.L Company['s] consent and
10 monitored what he was reading and took certain content from it to use for their show violating the
11 4th Amendment right to privacy, P.C. 631 intentional wiretapping CIPA, the federal Wiretap Act
12 and civil conspiracy law to harass, stalk, create psychological warfare and to eventually murder
13 [Plaintiff]."  (Id. at 17-18.)   Plaintiff requests $2,000,000.000.00 in compensatory damages,
14 $2,000,000,000.00 in punitive damages, $1,000,000,000.00 in damages for emotional and mental
15 distress, in addition to Plaintiff's lawyer's fees and all costs.  (Id. at 11.)

16 **III.**
17 **DISCUSSION**
18 **A.    Section 1983**

19  Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or
20 other federal rights by persons acting under color of state law.  42 U.S.C. § 1983; Long v. Cnty.
21 of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
22 2002).  To state a claim under section 1983, a plaintiff is required to show that (1) each defendant
23 acted under color of state law and (2) each defendant deprived him of rights secured by the
24 Constitution or federal law.  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir.
25 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)).

26  An individual acts under color of state law under section 1983 where he has "exercised
27 power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed
28 with the authority of state law.' "  Atkins, 487 U.S. at 49 (quoting United States v. Classic, 313

U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). While the defendant need not be an employee of the state to act under color of state law, he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). Courts use four different tests to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002).

In the section of Plaintiff's form complaint requesting Plaintiff explain how each defendant acted under color of state law, Plaintiff alleges Defendants Klay Thompson; NBC Universal, Inc; ABC Signature, Inc.; Acura, Inc.; CBS Television Studios, Inc.; Paramount Pictures Corporation; and all their employees "*acted under state law* when they violated [Plaintiff's] 4th Amendment right to privacy allowing intentional wiretapping P.C[.] 631 under CIPA and ECPA and violation of civil conspiracy laws to commit a criminal act. And negligence!" (ECF No. 1 at 10 (emphasis added).) The difference between "acting under state law" and "acting under *color of* state law" is significant in stating a cognizable claim under section 1983. Plaintiff fails to allege any facts to support a claim that any of the twenty-eight named Defendants are state actors or were acting under color of state law at the time of the alleged invasion of privacy, eavesdropping, and/or wiretapping of Plaintiff's phone and tablet. Rather, the allegations in Plaintiff's complaint lead the Court to reasonably infer that each of the five corporate Defendants are private entities and the twenty-three individual Defendants are employed by the private entities and were acting in that capacity. "[P]urely private conduct, no

1 matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat.
2 Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831,
3 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by
4 private actors). The Court finds Plaintiff fails to allege any of the Defendants were acting under
5 color of state law and therefore fails to state a cognizable section 1983 claim.

6       **B.**      **Jurisdiction**

7 Even if Plaintiff did not file his complaint specifically alleging section 1983 claims, the
8 Court has an independent obligation to determine whether it has subject-matter jurisdiction. See
9 Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an
10 independent obligation to ensure that they do not exceed the scope of their jurisdiction, and
11 therefore they must raise and decide jurisdictional questions that the parties either overlook or
12 elect not to press."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (noting that
13 "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be
14 forfeited or waived"); Wilson v. Lynch, 835 F.3d 1083, 1091 (9th Cir. 2016). Consequently,
15 "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." D'Lil
16 v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008); Bernhardt v. Cnty. of
17 L.A., 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted and citations
18 omitted); accord U.S. v. Hays, 515 U.S. 737, 742 (1995); Apple v. Glenn, 183 F.3d 477, 479 (6th
19 Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject
20 matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the
21 allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of
22 merit, or no longer open to discussion.").

23 A liberal construction of Plaintiff's complaint leads the Court to reasonably infer that
24 Plaintiff is alleging the same causes of action against all Defendants, with the exception that
25 Plaintiff is additionally alleging violations of "California's right to publicity" against the Acura
26 Defendants and Calvin Broadus. Plaintiff's complaint primarily alleges California state law
27 claims, such as the "right to privacy under Cal. Const. Art. 1, California invasion of privacy,
28 violation of Cali statutory rights to publicity Cal. Civ. 3344…CIPA, CDAFA, and violation of

P.C. 631 intentional wiretapping," negligence and intentional infliction of emotional distress. (ECF No. 1 at 9.) This Court is unsure what private right of action Plaintiff's repeated allegation for "civil conspiracy to murder" implicates.

In addition to the state law claims, Plaintiff also alleges causes of action for violations of his Fourth Amendment right of privacy; however, as previously discussed, Plaintiff fails to allege any Defendant was a state actor. Further, Plaintiff alleges intentional wiretapping under the "federal wiretap act," which this Court liberally construes to mean violation of 18 U.S.C. §§ 2510–2523,[2] and "violation of the ECPA," which this Court liberally construes to refer specifically to 18 U.S.C. §2701.[3] (Id.) While such causes of action arising under federal law could confer federal jurisdiction[4] and give rise to exercising supplemental jurisdiction over cognizable state law claims, the Court finds the allegations supporting such claims are frivolous.

A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' " Id. at 32-33 (quoting Neitzke, 490 U.S. at 327). Examples of clearly baseless claims

---

[2] "The Wiretap Act provides a civil cause of action to 'any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. §§ 2510–2523].' " Bliss v. CoreCivic, Inc., 978 F.3d 1144, 1147 (9th Cir. 2020) (quoting 18 U.S.C. § 2520(a).) An "electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system." 18 U.S.C. § 2510(12). Interception is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). For a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002). "[A]cquisition occurs 'when the contents of a [ ] communication are captured or redirected in any way." Noel v. Hall, 568 F.3d 743, 749 (9th Cir. 2009).

[3] The Stored Communications Act under the Electronic Communications Privacy Act makes it an offense to "intentionally access[ ] without authorization a facility through which an electronic communication service is provided ... and thereby obtain[ ] ... access to a wire or electronic communication while it is in electronic storage in such system." Konop, 302 F.3d at 879 (citing 18 U.S.C. § 2701(a)(1)).

[4] Plaintiff is currently incarcerated in California. (ECF No. 1 at 2.) While Plaintiff alleges nearly every Defendant is located at 1575 N. Grower Street in Los Angeles, California 90028, it is unclear whether any Defendant is truly a citizen of California for purposes of diversity jurisdiction. (Id. at 2-9.) Diversity of citizenship therefore does not appear to exist in this action as pleaded, which deprives the Court of diversity jurisdiction under 28 U.S.C. § 1332.

1   "are claims describing fantastic or delusional scenarios…." Neitzke, 490 U.S. at 328.

2   Here, Plaintiff requests an aggregate $5,000,000,000.00 in damages due to five corporations and twenty-three employees and/or "celebrities" targeting him by intentionally hacking into his jail phone and tablet to create content for various talk, competition, and award shows based upon his conversations and the books he is reading on his tablet.  Plaintiff also speculates a musician and a car company have used his personal life for commercial exploitation through a song and a commercial.  Plaintiff maintains the Defendants eavesdropped on his telephone calls and listened through and hacked into his tablet to harass and stalk him in violation of a civil conspiracy to murder Plaintiff because they knew he was breaking into the entertainment industry.  Plaintiff contends he states facts which "solidif[y] [he] wasn't being delusional or fanatical about what [he] was experiencing from these celebrities as [he] sat in [his] cell." (Mot. 16-17.)  The Court disagrees.  The Court finds the factual contentions are clearly baseless as they rise to the level of the irrational and wholly incredible.  See Denton, 504 U.S. at 33.  The Court therefore finds Plaintiff's claims are frivolous and lacking any arguable basis in law or fact and recommends *sua sponte* dismissal pursuant to the Court's inherent authority.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In this instance, the Court finds no amendment could cure the frivolous nature of the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004; Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).  Accordingly, the Court finds that granting leave to amend would be futile and this action should be dismissed without leave to amend.

Nonetheless, the Court shall provide twenty-one days to file objections.  See Douglas v. Kalanta, No. 121CV01535JLTEPGPC, 2022 WL 16748728, at *11 n.11 (E.D. Cal. Nov. 7, 2022) (noting "a *sua sponte* dismissal generally requires notice and an opportunity to be heard before the dismissal," and stating "[t]hese findings and recommendations shall service as notice to Plaintiffs that the claims against Defendant…may *sua sponte* be dismissed and Plaintiffs shall have the opportunity to be heard by being permitted to file objections within twenty-one days of these findings and recommendations") (citing Baldhosky, 2018 WL 1407103, at *3), report and

recommendation adopted, No. 121CV01535JLTEPG, 2022 WL 17834036 (E.D. Cal. Dec. 21, 2022).

### IV.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that, pursuant to the Court's inherent authority, Plaintiff's complaint be *sua sponte* dismissed without leave to amend, as frivolous and lacking an arguable basis in fact or law.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-one (21) days** of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **March 11, 2024**

UNITED STATES MAGISTRATE JUDGE